IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ERIC BROSTEN,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>DEMOCRAT NATIONAL COMMITTEE; CBS; KCCI; THE DES MOINES REGISTER; ABC; WMUR; NBC; CONGRESSIONAL BLACK CAUCUS INSTITUTE; UNIVISION; THE WASHINGTON POST; and WISCONSIN PBS,<br><br>　　　　　　Defendants. | CV 15-99-GF-BMM-JCL<br><br>ORDER, and FINDINGS AND RECOMMENDATION |

## **I. Introduction and in Forma Pauperis Application**

Plaintiff Eric Brosten filed a pleading in this action, together with his application for leave to proceed in forma pauperis under 28 U.S.C. § 1915(a)(1). Section 1915 authorizes a court to grant a litigant leave to proceed in forma pauperis if the applicant's affidavit sufficiently indicates that the applicant cannot pay court costs and still provide the necessities of life for himself and his family. *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948). It is well established that the district court has discretion in determining whether a litigant is

1

entitled to proceed in forma pauperis. *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963).

Nonetheless, "[a] district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed [pleading] that the action is frivolous or without merit." *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987)). Therefore, the Court will first consider whether Brosten's pleading has merit, or whether it is frivolous and subject to dismissal.

## II. Brosten's Pleading

Brosten titles his pleading as "Fraudulent deceit[.]" (Doc. 2 at 1.)[1] He purports to prosecute his claims as a class action on behalf of all Americans, and he requests the Court take action on issues that affect "national security and the very future of our country." (*Id.*)

Brosten begins by asserting he has an important and close relationship with the United States Secret Service – closer than any other citizen in our nation's history – due to unidentified "interactions" in Rhode Island. He claims he is

---

[1] Brosten's pleading filed in this case is identical to his pleading filed in this Court and identified as *Brosten v. Democratic National Committee, et al.*, CV 15-68-BU-BMM-JCL (herein referred to as "*Brosten I*"). On November 16, 2015, the undersigned United States Magistrate Judge issued a ruling in *Brosten I* recommending that *Brosten I* be dismissed.

2

responsible for the replacement of two Directors of the Secret Service. He contends he has "the best agent" in the Secret Service residing in Billings, Montana, and as a result the United States is seeking to name a Navy ship and two other vessels after "something" in Montana.

Brosten then refers to a "[f]raudulent deceit" that is occurring with respect to the United States' military defense capabilities and spending. He alleges the United States has deceived the American people about our military defense, has not informed the public about its "Outer Space Weapions [sic] (star wars)", is promoting obsolete weapons so that United States congressmen can secure jobs for their constituents, and is spending $5.8 trillion on nuclear warheads. (Doc. 2 at 1.) He further asserts our enemies are encouraging and promoting the United States' military spending.

Brosten claims he has "filed papers" to run for president of the United States so that he can control the referenced improper spending. He states that poll numbers will not accurately reflect the support he has for his candidacy because many of his supports will fear retribution.

Brosten states the interest the United States pays on the exorbitant military spending is $154 million per day. Therefore, he requests the Court award him judgment in the amount of the actual costs of the military spending that is imposed

on the American people.

Based on the foregoing, Brosten identifies the defendants named in the caption above and requests an order from the Court requiring those news media defendants to allow him to participate in national presidential debates. He claims that republican presidential candidates "are loosing [sic] to the people that have not held office yet." (Doc. 2 at 2.)

### III. Discussion

Because Brosten is proceeding pro se the Court must construe his pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). In view of the required liberal construction,

> a district court should grant leave to amend even if no request to amend the pleading was made, <u>unless</u> it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (emphasis added) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Again, in considering Brosten's in forma pauperis request, the Court is authorized to deny the request if the litigant's proposed pleading is frivolous or without merit. *Minetti*, 152 F.3d at 1115. The court retains discretion in

determining whether a pleading is "frivolous." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A pleading is frivolous if it has no "arguable basis in law or fact." *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984). *See also Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Additionally, the term "frivolous [...] embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325. In considering whether a pleading is frivolous, the court need not "accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32. Rather, the court may "pierce the veil of the complaint's factual allegations" and consider whether the allegations are "fanciful," "fantastic," or "delusional." *Denton*, 504 U.S. at 32-33.

> As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton*, 504 U.S. at 33.

Based on the forgoing legal authority, the Court finds that Brosten's allegations are "frivolous" as that term is defined above. The Court's summary of his allegations presented above reflect that his allegations are fanciful, delusional, or fantastic. His allegations are irrational and wholly incredible claims. He

presents no plausible underlying factual basis for his assertions, and his allegations appear to be based only on his delusional perception of events and circumstances relative to the United States' military defense spending and the current United States presidential race.

Ordinarily, "[d]ismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988)); *Kendall v. VISA U.S.A., Inc.*, 518 F.3d 1042, 1051-52 (9th Cir. 2008). Here, based on Brosten's fanciful allegations, and his delusional beliefs about how he should be entitled to enter the current presidential national debates through his proposed court order, the Court finds that an amended pleading from Brosten would be futile. There exists no basis in law or in fact for the Court to award him funds representing the costs of the United States' military spending, or to force defendants to allow him to participate as a candidate in televised presidential debates. Therefore, it is unnecessary to give Brosten an opportunity to amend his pleading. *See Leadsinger, Inc. v. BMG Music Publishing*, 512 F.3d 522, 532 (9th Cir. 2008).

### III.  Conclusion

Based on the foregoing, the Court concludes Brosten's pleading is subject to dismissal as frivolous in that it lacks any basis in fact or in law, and the Court finds it could not possibly be cured by amendment to allege additional facts. Therefore, IT IS HEREBY RECOMMENDED that Brosten's request to proceed in forma pauperis under 28 U.S.C. § 1915(a)(1) be DENIED, and this action should be DISMISSED.

IT IS FURTHER ORDERED that Brosten's motions requesting (1) that the Court "mitigate the damage to our economy", (2) protection from the United States Secret Service, and (3) service by certified mail are all DENIED as moot in view of the Court recommendation that this action be dismissed.

DATED this 23rd day of November, 2015.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge